# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0203V

|  |  |
|---|---|
| GREGORY MILLS,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 17, 2024 |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 23, 2022, Gregory Mills filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza vaccine received on November 23, 2020. Petition, ECF No. 1. On September 7, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 34.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $49,034.30 (representing $39,933.20 in fees plus $9,101.10 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 18, 2024, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on April 20, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 40. Petitioner thereafter filed a reply reiterating her request. ECF No. 41.

I have reviewed the billing records submitted with Petitioner's fees request, and overall the fees portion appears reasonable, and consistent with prior awards involving present counsel. It will therefore be awarded in full.

The costs component, however, requires additional evaluation. Petitioner has requested $9,101.10 in litigation costs, which include the obtaining of medical records, shipping costs, the Court's filing fee, and expert fees. The amount requested in expert costs include $3,750.00 for the work of Timothy Hancock, M. D., for preparation of a medical review, and $2,800.00 for the expert work of Bunin Associates for preparation of the economist report in this matter. ECF No. 39-2. However, the invoice submitted in support of the expert work of Bunin Associates does not meet the Vaccine Program's requirements, as it reflects a flat fee of $2,800.00 but does not specify how many hours the expert expended, nor the proposed hourly rate billed for his work. *Id.* at 11.

Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task…**With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records**." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[3]

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

It is incumbent upon counsel to apprise any and all experts they retain regarding the specific requirements for preparing invoices in the Vaccine Program. I will nevertheless reimburse these costs in full. But Petitioner's counsel should be aware that any future requests for experts costs may result in a curtailed award if the supporting invoices do not meet the Vaccine Program's requirements.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $49,034.30 (representing $39,933.20 in fees plus $9,101.10 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leah V. Durant.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.